# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**LEDON KENDELL BOUDREAUX, ET. AL.**　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　**NO. 18-5649**

**DEUTSCHE BANK NATIONAL**　　　　　　　　**SECTION: "B"(1)**
**TRUST COMPANY, ET. AL.**

## ORDER

Before the Court are defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Ocwen Loan Servicing, LLC's ("Ocwen") motion to dismiss (Rec. Doc. 25), plaintiffs Ledon Kendell Boudreaux, Michael Anthony Boudreaux, Shawn Joseph Boudreaux's response (Rec. Doc. 30), and defendant's reply (Rec. Doc. 34). For the reasons discussed below,

**IT IS ORDERED** that the motion to dismiss is **GRANTED**.

**FACTS AND PROCEDURAL HISTORY**

This is a real property case concerning foreclosure. On June 25, 2002, Bernadette Coleman Boudreaux ("Boudreaux") executed a promissory note in the principal amount of $45,000 in favor of New Century Mortgage Corporation ("New Century"). *See* Rec. Doc. 25-1 at 2-3. The note was endorsed in blank and without recourse by New Century, and at times relevant to the instant suit, purportedly held by defendant Deutsche. *See* Rec. Doc. 25-2 at 2. Boudreaux also executed a mortgage encumbering certain immovable property ("the Property") located in Marrero, Louisiana, as security for the loan. *See* Rec. Doc. 25-1 at 3. On July 22, 2012, Boudreaux

1

passed away, leaving Ledon Boudreaux, Michael Boudreaux, and Shawn Boudreaux ("plaintiffs") as the sole heirs of her estate. *See id.*

Boudreaux allegedly defaulted on the note and loan by failing to make the required payments. *See id.* On September 30, 2013, defendant Deutsche filed a petition for executory process against the unopened succession of Boudreaux in state court to enforce the New Century mortgage. *See id; see also* Rec. Doc 30 at 2. On October 10, 2013, the state court executed an order of executory process, directing that a writ of seizure and sale be issued and commanding the Jefferson Parish Sheriff to seize and sell the Property. *See id.* at 4. Plaintiffs did not seek an injunction or a suspensive appeal from the order. *See id.* On August 27, 2014, a writ of seizure and sale was issued. *See id.*

According to plaintiffs, they attempted to modify the loan twice, once in January 2016 and once in May 2017. *See* Rec. Doc. 30 at 2. Plaintiffs' January 2016 modification was rejected. *See id.* Plaintiffs' May 2017 modification was met with assurance from a representative of defendant Ocwen that the foreclosure of the Property would be postponed. *See id.* Plaintiffs responded to a document request by defendant Ocwen on June 4, 2015. *See id.*

On June 14, 2017, defendant Duetsche purchased the Property from a sheriff's sale for $40,000. *See* Rec. Doc. 25-1 at 4. On June 27, 2017, the deed conveying the Property to defendant

2

Duetsche was recorded into the Jefferson Parish Conveyance Records. *See* Rec. Doc. 25-6 at 3-4.

On June 5, 2018, plaintiffs filed their complaint against defendants, alleging that the foreclosure was illegal, fraudulent, and oppressive because defendant Duetsche lacked the authority to foreclose. *See* Rec. Doc. 1 at 7. Plaintiffs seek damages, civil penalties pursuant to 12 C.F.R. § 1024.14(g), and "an order cancelling and expunging the void documents mentioned hereinabove[,]" reasonable cost of suit, recompense of damages and arrears, and any other relief deemed proper. *See id.* at 10-11.

On November 20, 2018, defendants filed a motion to dismiss on various asserted grounds. *See* Rec. Doc. 25. On January 23, 2019, plaintiffs filed a response in opposition, asserting that this Court does have subject-matter jurisdiction, but notably silent to other grounds for dismissal. *See* Rec. Doc. 30. On February 5, 2019, defendants filed a reply memorandum. *See* Rec. Doc. 34 at 1-2.

**LAW AND ANALYSIS**

Challenges to subject-matter jurisdiction must be examined before the merits of a case. *See Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384 (5th Cir. 2017).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for lack of subject-

matter jurisdiction. The party asserting jurisdiction bears the burden of showing that subject-matter jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If subject-matter jurisdiction does not exist, authority to hear the case does not exist. *See Wylie v. Bank of N.Y. Mellon*, 856 F. Supp. 2d 837, 843 (E.D. La. 2012).

When deciding whether subject-matter jurisdiction is lacking, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *See Buck Kreihs Co. v. Ace Fire Underwriters Ins. Co.*, 2004 U.S. Dist. LEXIS 12442, at *7 (E.D. La. 2004). All uncontroverted allegations of the complaint must be accepted as true. *See id*.

Defendants argue that plaintiffs' claims should be dismissed as a matter of law, with prejudice, for several reasons. Principally, defendants argue that subject-matter jurisdiction is lacking pursuant to the *Rooker-Feldman* doctrine.

In history, the *Rooker-Feldman* doctrine stands for the proposition that federal courts lack subject-matter jurisdiction over challenges to state court decisions. *See Stabler v. Ryan*, 949 F. Supp. 2d 663, 666 (E.D. La. 2013) citing to *Rooker v. Fidelity Trust Co.*, 44 S. Ct. 149 (1923) and *District of Columbia Court of Appeals v. Feldman*, 103 S. Ct. 1303 (1983). In other words, the

4

*Rooker-Feldman* doctrine bars cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *See Stabler*, 949 F. Supp. 2d at 666. The purpose of this doctrine is to prevent parties who lost their case in state court from seeking what in substance would be appellate review of the state judgment in a federal district court. *See id*. citing to *Johnson v. De Grandy*, 114 S. Ct. 2647 (1995). "The [*Rooker-Feldman*] doctrine applies not only to issues actually decided by a state court, but also to issues "inextricably intertwined" with the state court's judgment." *See id*. citing to *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1523 (2005).

In 2013, this Circuit clarified this jurisdiction's law of the *Rooker-Feldman* doctrine. *See Truong v. Bank of America, N.A.*, 717 F.3d 377 (5th Cir. 2013). Specifcally, the Fifth Circuit sets forth two hallmarks of the doctrine. *See Truong*, 717 F.3d at 382. First, the doctrine bars as-applied constitutional challenges to state court judgements, but permits facial challenges. *See id*. Second, the doctrine bars claims alleging injury from an erroneous state-court judgement, but permits claims caused by an allegedly illegal act or omission by an adverse party. *See id.* at 383.

The plaintiff alleged that two banks (1) misled the state court into thinking that the executory process evidence was

5

authentic when it was not and (2) misled her into foregoing her opportunity to dispute the authenticity in the state-court proceedings. *See id.* The injuries that the plaintiff sought relief from were allegedly caused by the banks, not the state-court's judgement. *See id.*

The *Truong* court found that the district court maintained subject-matter jurisdiction over the plaintiff's independent claims for the purposes of the *Rooker-Feldman* Doctrine because the plaintiff sought to establish that the banks lacked the necessary authentic evidence, not to overturn the adverse foreclosure judgement. *See id.* at 384. *Rooker-Feldman* would only apply when a plaintiff seeks to directly attack the validity of a state-court judgement. *See id.*

Defendants point to two post-*Truong* cases to support their argument that district courts have held that the *Rooker-Feldman* doctrine bars claims for damages that arise out of state court foreclosure proceedings. *See Johnson v. CitiMortgage, Inc.*, 2017 U.S. Dist. LEXIS 24287, at *1 (E.D. La. 2017) and *Hughes v. Countrywide Home Loans*, 2017 U.S. Dist. LEXIS 91321, at *1 (E.D. La. 2017).

In *Johnson*, the state court ordered the seizure and sale of the plaintiff's property, the plaintiff filed a petition to enjoin the seizure and sale, and the state court denied the plaintiff's petition. 2017 U.S. Dist. LEXIS at 12. The state court judge

allowed the plaintiff to file an appeal but the plaintiff failed to file briefings, so the state court judge dismissed his appeal. *See id*. Soon thereafter, the plaintiff asserted several claims in this Court in an attempt to enjoin the seizure and sale and obtain damages. *See id.* The *Johnson* court found that it lacked subject-matter jurisdiction because the plaintiff's sole purpose was to obtain review of the state court's judgment. *See id*.

In *Hughes*, the complaint contested the foreclosure, seizure, and sale. *2017 U.S. Dist. LEXIS 91321 at* 7. The *Hughes* court found that the *Rooker-Feldman* doctrine stripped it of subject-matter jurisdiction because the plaintiff was "essentially asking [the court] to review and reject the Louisiana state court's [order of executory process]." *See id*. at 5.

Plaintiffs' complaint seeks cancellation of the original mortgage, asserts a defense prohibiting foreclosure under the Consumer Financial Protection Bureau's regulations, and prays for civil penalties, damages, as well as other relief deemed just and proper. *See* Rec. Doc. 1, pp. 8 thru 11; 12 C.F.R. § 1024.41(g). In effect, the complaint challenges the validity of the foreclosure judgment.

Despite plaintiffs' argument in contrast to clear assertions in their complaint, their asserted claims of record would effectively require review of the state court's foreclosure, seizure and sale judgment. Moreover, success on those claims would

essentially overturn the state court judgment, including cancelling the mortgage that was the key subject of the foreclosure judgment in addition to possible awards for equitable relief. The complained of injuries/harm arise from that judgment, and not primarily from the alleged conduct of the bank. *See Truong*, 717 F.3d at 383; *Hughes v. Countrywide Home Loans,* No. CV 16-17623, 2017 WL 2573958, at *2 (E.D. La. June 14, 2017). Notably, plaintiffs did not take the opportunity to assert in state court its regulatory defense, file an injunction, petition, or appeal to enjoin the seizure and sale at the state level prior to seeking federal relief.

Lastly, plaintiffs did not respond to defendants' dismissal motion insofar that it asserts res judicata relief and challenges the merits of claims asserted under 12 C.F.R. § 1024.41(g). Therefore, dismissal on unchallenged grounds also appears appropriate. Cf. *Frey v. Publishers Clearing House,* No. 98-2822, 1999 WL 4915, at *1 (E.D.L.A. Jan. 4, 1999).

New Orleans, Louisiana this 27th day of September, 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE

8